Filed 8/18/21  P. v. Uribe CA4/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>HECTOR URIBE, JR.,<br><br>    Defendant and Appellant. | G059300<br><br>(Super. Ct. No. 19WF2487)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Gary M. Pohlson, Judge.  Affirmed and remanded with directions for further proceedings.

Christine M. Aros, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Charles C. Ragland, Alana Cohen Butler and James H. Flaherty III, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant Hector Uribe, Jr., appeals after his conviction of three counts of grand theft by false pretense, four counts of identity theft, and attempted petty theft by false pretenses. Uribe challenges the three-year probation term imposed by the trial court; the Attorney General concedes an amendment to Penal Code section 1203.1, subdivision (a), limits the period of probation under these circumstances to two years. We agree and remand for modification of the probation period.

## FACTS

Uribe was convicted by a jury of three counts of grand theft by false pretense, four counts of identity theft, and attempted petty theft by false pretenses. The trial court suspended Uribe's sentence and placed him on formal probation for a period of three years, subject to certain terms, including payment of restitution. Uribe timely appealed.

## DISCUSSION

Uribe limits his claim on appeal to his argument that the term of probation exceeds the maximum period of probation permitted when the court suspends imposition or execution of sentence. Effective January 1, 2021, the Legislature amended Penal Code section 1203.1, subdivision (a), to provide that, absent certain specified exceptions, the period of probation in a felony case with a suspended sentence may not exceed two years. Although Uribe was sentenced in 2020, he now asserts this amendment to the Penal Code has retroactive effect under *In re Estrada* (1965) 63 Cal.2d 740. (See *People v. Quinn* (2021) 59 Cal.App.5th 874 [holding the *Estrada* rule applied to this modification of Penal Code section 1203.1].) Uribe asks us to reduce the period of his probation to the new maximum: two years.

The Attorney General concedes the amended Penal Code section 1203.1 applies retroactively, and we agree. However, the Attorney General argues we should remand the case to the trial court to adjust, modify, or strike probation terms to comply with the newly-amended Penal Code section 1203.1, rather than unilaterally modifying

2

the probation period to two years. The Attorney General points to the substantial restitution ordered by the trial court ($16,083.82) and the possibility of a probation-tolling revocation or a failure by Uribe to make his scheduled restitution payments, neither of which would be reflected in the appellate record.

Were we to simply modify the probation period to two years, we might interfere with the trial court's ability to manage Uribe's probation and restitution or with the ability of the victims to convert any unpaid restitution amount into a civil judgment. Remanding to the trial court will allow the court to adjust the timing of restitution payments and handle other potential complications resulting from truncating the probation period.

## DISPOSITION

The trial court's imposition of three years of probation is vacated. The matter is remanded to the trial court for modification of the probation period as required by Penal Code section 1203.1. In all other respects, the judgment is affirmed.


ZELON, J.*

WE CONCUR:


BEDSWORTH, ACTING P. J.


MOORE, J.

*Retired Associate Justice of the Court of Appeal, Second Appellate District, Division Seven, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

3